THOMAS, Judge,
concurring specially.
I agree that the juvenile court had no jurisdiction to enter a judgment relating to the juvenile commitment of E.C.J. after she reached the age of majority. Although I, too, share the concern expressed by Presiding Judge Thompson — that the expiration of a juvenile commitment upon a *931 minor’s reaching the age of majority might be disruptive to the treatment of that person — I must also concur in the majority’s conclusion that a juvenile commitment must necessarily expire upon a minor’s 19th birthday. I write specially to note that I am satisfied that mental-health care for such a person could be continued without disruption when necessary under the application of the law governing the involuntary commitment of adults.
Because the probate court does not have jurisdiction over the commitment of minors or children, see Ala.Code 1975, § 22-52-16, no petition seeking to continue E.C.J.’s commitment could have been filed in the probate court in anticipation of her reaching age 19. That does create a risk that E.C.J. would be released from the custody of the Department of Mental Health because of the expiration of her juvenile commitment. However, a petition to recommit E.C.J. could have been filed in the probate court immediately upon her 19th birthday; in that petition, the Department of Mental Health could have requested that E.C.J. remain in a mental-health-care facility pending the outcome of the final commitment hearing in the probate court. See Ala.Code 1975, § 22-52-7(a) (permitting a commitment petitioner to request that the probate court place limitations on a commitment respondent’s liberty pending the outcome of the final hearing on the petition). If the probate court were convinced that limitations on E.C.J.’s liberty were warranted because she presented a danger to herself or to others, see § 22-52-7(b), the probate court could order E.C.J. to be detained “at a designated mental health facility or hospital,” § 22-52-7(a), pending a probable cause hearing to be held within 7 days, Ala.Code 1975, § 22-52-8(a), and, potentially, until the final hearing on the commitment petition, which is required to be held within 30 days of service of the petition. § 22-52-8(a) & (b).
The procedures provided in the commitment statutes minimize the potential for the release of a patient merely because he or she has turned 19, which, at least in my mind, is the most troubling aspect of the expiration of a juvenile commitment order. Based on a review of the limited materials in the record on appeal, I think it is likely that the Department of Mental Health could present sufficient evidence that E.C.J.’s liberty should be restrained pending a commitment hearing in the probate court and, thus, that the status quo could be maintained. Accordingly, I concur in the majority opinion.